# THIRD DEPARTMENT.

## GENERAL TERM, JUNE, 1874

PHILIP v. GALLANT, appellant.

*Contract — ignorance of language — mistake.*

Defendant, who did not understand English, executed a contract in writing.
There was no fraud or improper influence used, but an interpreter, who ex-
plained the contract to defendant, misled her as to its terms. *Held,* that
defendant was bound by the contract.

APPEAL from a judgment entered in favor of plaintiff upon the
report of a referee. The action was brought by Peter Phillip
against Josette Gallant, to recover a balance claimed to be due the
plaintiff upon a contract for building a house with one David
Philip, which was assigned to the plaintiff. The referee to whom
the case was referred, reported in favor of the plaintiff, and excep-
tions were duly taken to portions of his report, as is hereinafter
stated. Judgment was entered in favor of the plaintiff upon the
same, and the defendant appealed. The case was submitted upon
printed points.

*Beckwith & Dobie,* for appellant.

*H. E. Barnard,* for respondent.

MILLER, P. J. The defendant's counsel claims that the judg-
ment should be reversed, upon the ground that the defendant never
gave any legal assent to the instrument executed on the 22d of
February, 1872, and hence that instrument is void and of no effect.
The evidence on the trial is not contained in the printed case, and
it appears from the finding of the referee, that at the time of the
execution of the agreement, upon which the action is brought,

the defendant, who did not understand English perfectly, was informed by one Trudo, who was a clerk of the scrivener, and who was present at the time the contract was read and executed, that by the new agreement, the contractor was bound to repair the defects which she claimed existed, in regard to the work already performed, under the previous contracts, which information she believed to be true, and that, while the agreement was being read over, it was explained to the defendant in French by said Trudo, and he told her, that by said agreement, all the work on the house would have to be done in a good and workmanlike manner, including what had been done; that the defendant so understood and believed from the interpretation thus made to her. He also finds that the new agreement was read over twice, carefully and distinctly, to the defendant before it was executed, and was executed by the parties in good faith and without any fraud on the part of Philip, and contained the whole of the contract between them as he understood it, and that there was no mutual mistake between the parties as to its terms.

If any fault existed it was that of the interpreter, who did not properly explain to the defendant the true meaning and purport of the agreement. The plaintiff's assignor certainly was not to blame, as he acted in entire good faith and was not chargeable with any attempt to deceive, defraud or to impose upon the defendant. The question then arises whether the defendant has any relief as against the plaintiff in this action for the error, mistake or ignorance of the interpreter, whom she trusted to explain the nature of the instrument which she executed, even although she was deceived and did not understand the contents of the same. I am at loss to see how she can avail herself of the misapprehension under which she labored, as the plaintiff had no instrumentality in producing it, and the defendant was in fault for trusting to an incompetent person to translate and explain the agreement into which she voluntarily entered. The defendant occupies the position of one who was in fault, and where one of two innocent parties must suffer, the one who is most to blame should be held responsible. The plaintiff here was guilty of no fraud or improper practices in inducing the defendant to sign the instrument, and acted in entire good faith, and there was no such misunderstanding between him and the defendant as entitles the latter to claim that there was no valid contract. To authorize a reformation of a written instrument, sol-

emnly executed, there must not only be a plain mistake, clearly made out by satisfactory proof, but it must be shown that the part omitted or inserted in the same was omitted or inserted contrary to the intention of the parties and under a mutual mistake. *Nevius* v. *Dunlap*, 33 N. Y. 676. There was no such mistake here, and the defendant is not brought within the rule laid down.

The defendant's counsel invokes the familiar rule that there was no contract because the minds of the parties did not meet. The answer to this proposition is —

*First.*— That the defendant failed to make out a case for the reformation of the contract by reason of a part being omitted or inserted in opposition to the intention of the parties and under a mutual mistake, and therefore is bound by the written contract.

*Second.*— The contract as executed shows that the minds of the parties did meet.

*Third.*— The defendant having executed the written contract, as proved on the trial, is estopped from insisting that she did not intend to enter into the agreement expressed by the terms of the contract.

No other question arises, and as no error exists the judgment on the referee's report must be affirmed, with costs.

*Judgment affirmed.*